# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GANI VILA and
ALBANIAN TV OF AMERICA, INC.,
A Michigan Corporation,

    Plaintiffs,　　　　　　　　　　　　　　　Hon.
　　　　　　　　　　　　　　　　　　　　　　　　Case No.
v

ARIAN ASIMI,

    Defendant.

---

EDWARD M. TURFE (P51228)
TURFE LAW, PLLC
Attorney for Plaintiff
290 Town Center Drive, Suite 420K
Dearborn, Michigan 48126
T: (313) 730-0300
F: (313) 730-0312
edturfe@turfelaw.com

---

## COMPLAINT

NOW COME the Plaintiffs, GANI VILA (hereinafter "Vila") and ALBANIAN TV OF AMERICA, INC., by and through their counsel, TURFE LAW, PLLC, and for their Complaint against Defendant ARIAN ASIMI (hereinafter "Asimi") state as follows:

## JURISDICTION AND VENUE

1. At all material times hereto, Plaintiff Vila was a resident of the state of Michigan.

2. At all material times hereto, Plaintiff Albanian TV of America, Inc., was a corporation duly organized under the laws of the state of Michigan, and which conducted business in the Eastern District of Michigan.

3. At all material times hereto, upon information and belief, Defendant Asimi was a resident of the state of Wisconsin, who operated various social media channels as himself and as "Nova Media TV" that targeted Michigan residents, specifically, those members of Michigan's Albanian community.

4. This honorable Court has original subject matter jurisdiction over the instant lawsuit pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states, being Michigan and Wisconsin.

5. This honorable Court has limited personal jurisdiction over the Defendant as he has committed actions and caused consequences to occur in the state of Michigan, which actions and consequences have resulted in this action for tort. *M.C.L.A. § 600.705.*

6. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. Plaintiffs reallege and reincorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

8. Gani Vila is an upstanding and distinguished member of the Albanian community residing in Michigan and is the owner and director of Michigan-based Albanian TV of America, one of the prominent media channels for news and information of concern to

Albanians worldwide and specifically among Michigan's Albanian community and those with ties to the Michigan Albanian community.

9. Among his accomplishments, in June 2022, Vila was recognized with The Knight of Flags Calling, a coveted and most prestigious award conferred directly by the President of Albania, Ilir Meta.

10. Defendant Asimi fancies himself as a competitor of Vila and Albanian TV of America, Inc., and uses various media outlets to publish programming and written blogs under the name of Nova Media TV.

11. Through his recent publications in June 2022, Defendant Asimi has targeted Vila with false and defamatory statements and misrepresentations of fact, including, but not limited to statements that:

   a. Vila is the former Chairman of the Salvation/Rescue Committee,
   b. Vila is known for extorting the Albanian community,
   c. Vila is a former border officer accused of murder,
   d. Vila was arrested for immorality in Michigan,
   e. Vila stole the Bank of Korca, and
   f. Vila caused the riots in Albania in 1997.

12. Defendant Asimi made these representations knowing that they were false and with the intent to damage the reputation of Vila.

13. Further, Defendant Asimi, through his programming, targets Michigan's Albanian community, calls for Michigan Albanians to stop watching Vila's Albanian TV of

America, interviews people from Michigan, and commits other acts specifically directed at Michigan's Albanian community all in an effort to defame Vila throughout Michigan.

14. Vila has demanded that a retraction of these false and defamatory statements be made by Defendant Asimi within a reasonable time, yet Defendant Asimi has defiantly refused to make such retraction.

## **COUNT I—DEFAMATION AND DEFAMATION *PER SE***

15. Plaintiffs reallege and reincorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

16. Defendant Asimi intentionally made numerous false statements privately and publicly regarding Gani Vila.

17. The false statements made by Defendant Asimi were not privileged in any way.

18. Defendant Asimi made the false statements about Gani Vila with the intent to injure Vila personally and professionally, and cause harm to his reputation and injure his business.

19. Further, Defendant Asimi made false and defamatory statements about Vila, as the owner and director of Albanian TV of America, Inc., with the intent to harm not only Vila personally, but to harm Albanian TV of America, Inc., knowing that damage to Vila's reputation would result in damage to Albanian TV of America's revenues.

20. Defendant Asimi made these false statements with malice, knowing that the statements were false or with reckless disregard as to their falsity.

21. Many of the Defendant Asimi's false statements about Vila concerned criminal activity, and are therefore, defamation *per se.*

22. Gani Vila and Albanian TV of America, Inc., have been damaged as the direct and proximate result of the defamatory statements made by Defendant Asimi.

23. Gani Vila has demanded retraction of Defendant Asimi's false and defamatory statements, but Defendant Asimi has refused to make such retraction within a reasonable time.

24. Gani Vila and Albanian TV of America, Inc., are entitled to compensatory, exemplary and punitive damages as a result of Defendant Asimi's false and defamatory statements.

WHEREFORE, Plaintiffs GANI VILA and ALBANIAN TV OF AMERICA, INC., pray for judgment against Defendant ARIAN ASIMI in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees.

## COUNT II—TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

25. Plaintiffs reallege and reincorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

26. Plaintiff Albanian TV of America, Inc., had a reasonable expectation to maintain its revenues at the same level as prior to the defamatory statements made by Defendant Asimi, and, in fact, reasonably expected continued growth of its revenues.

27. Defendant Asimi is and was well-aware of the financial success of Gani Vila and Albanian TV of America, Inc., and its expected growth, specifically within Michigan's Albanian community.

28.     Defendant Asimi intentionally targeted Plaintiff Vila with false and defamatory statements as outlined above, with the sole purpose of harming Plaintiff Vila's, and by association, Plaintiff Albanian TV of America's reputation, all in an attempt to stop prospective viewers from viewing, and prospective advertisers from advertising with Albanian TV of America, Inc.

29.     Defendant Asimi's defamatory statements constitute a tortious interference with the business relationships and expectancy held by Plaintiff Albanian TV of America, Inc.

30.     As a direct and proximate result of Defendant Asimi's tortious interference with Plaintiff Albanian TV of America's business relationships and expectancy, Plaintiff Albanian TV of America has suffered a loss of reputation among its viewers, advertisers, and prospective viewers and advertisers, and as such, suffered economic loss, including, but not limited to, loss of sales, loss of income, and loss of opportunities.

WHEREFORE, Plaintiffs GANI VILA and ALBANIAN TV OF AMERICA, INC., pray for judgment against Defendant ARIAN ASIMI in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees.


Respectfully submitted,

TURFE LAW, PLLC

*/s/ Edward M. Turfe*_____
EDWARD M. TURFE (P51228)
Attorney for Plaintiff